UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRIN LAWRENCE,

Plaintiff,

vs.

THE CITY OF NEW YORK, NYPD CAPTAIN TIMOTHY WONG, and NYPD MEMBERS JOHN or JANE DOES 1-2, individually and in their official capacities,

Defendants.

**COMPLAINT**

**Case No. 26-cv-7705**

Plaintiff, KIRIN LAWEENCE, by and through his attorneys, Cohen&Green P.L.L.C., The Aboushi Law Firm, P.L.L.C., and Gideon Orion Oliver, hereby complains of Defendants as follows:

## INTRODUCTION

1. On June 7, 2025, while participating in a protest in Manhattan, New York, members of the NYPD violently assaulted Plaintiff Kirin Lawrence ("Mr. Lawrence") and arrested him on false grounds. Mr. Lawrence brings this suit seeking redress for Defendants' misconduct.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

3. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), since Plaintiff's federal and state law claims arise from a common nucleus of operative facts and are so intertwined as to make the existence of supplemental jurisdiction over the state law claims appropriate.

4. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as Defendant City resides in this district and a substantial part of the events and/or omissions described herein occurred in this district.

**GENERAL MUNICIPAL LAW COMPLIANCE**

5. Plaintiff served a timely Notice of Claim on the municipal Defendant.

6. At least thirty days have elapsed since the service of Plaintiff's Notice of Claim, and adjustment and payment thereof has been neglected or refused.

7. A hearing pursuant to General Municipal Law 50-H was held for Plaintiff on March 18, 2026.

8. Plaintiff has complied with all conditions precedent to commencing an action such as this one against Defendant City under New York law.

**JURY DEMAND**

9. Plaintiff demands a trial by jury in this action of all issues that are triable by jury.

**PARTIES**

10. Plaintiff Kirin Lawrence is a 21-year-old resident of Manhattan, New York.

11. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of ("City") the laws of the State of New York.

12. Defendant City maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, CITY OF NEW YORK.

13. Upon information and belief, Defendant TIMOTHY WONG was, at all times relevant herein, a member of the NYPD who was assigned to the police response on the street during the protest on June 7, 2025.

14. Defendant NYPD Members John or Jane Does 1-2 were, at all times relevant herein, members of the NYPD who were assigned to the police response on the street during the protest on June 7, 2024. Plaintiff does not currently know their names, but their names are known to Defendants.

15. Each Individual Defendant, including Does 1 and 2, is sued individually and in their official capacity.

16. At all times hereinafter mentioned, Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

17. Each and all of the acts and omissions of Defendants alleged herein occurred while said Defendants were acting within the scope of their employment by Defendant City.

18. All Individual Defendants were duly appointed and acting officers, servants, employee, and agents of Defendant City who were acting for, and on behalf of, and with the power and authority vested in them by their employer(s) and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

19. The Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional policies, practices and/or customs complained of herein, and/or condoned,

acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

20. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

## STATEMENT OF FACTS

21. On June 7, 2025, around 12:30 p.m., Kirin Lawrence was present at Duane Street between Broadway and Centre Street in Manhattan, New York, for a protest for immigrant rights.

22. There was a significant NYPD presence at the protest.

23. Among the crowd were several members of the NYPD, including Defendant Captain Timothy Wong.

24. At approximately 6:30 p.m., Mr. Lawrence began crossing the street to get to the sidewalk.

25. Without warning, Captain Wong charged toward Mr. Lawrence at a run, grabbed Mr. Lawrence around the waist from behind, and tackled Mr. Lawrence to the ground, causing his elbows, hands, forearms, and face to slam down into the pavement.

26. Mr. Lawrence was holding his hands above his head before and at the time Captain Wong tackled him, to show he was not resisting.

27. In addition to Captain Wong, several members of the NYPD, including supervisors in white shirts, were present within a few feet of Captain Wong as he and Defendant Officer John or Jane Does 1 and 2 held down and arrested Mr. Lawrence.

28. Upon information and belief, Captain Wong pressed his knee into Mr. Lawrence's back, pushing him further into the pavement.

29. NYPD applied metal handcuffs to Mr. Lawrence's wrists with extreme tightness.

30. NYPD took Mr. Lawrence to the 7th Precinct where he was searched, photographed, and fingerprinted.

31. In the early hours of June 8, 2025, NYPD members brought Mr. Lawrence to central booking.

32. Mr. Lawrence was denied a phone call at central booking.

33. Mr. Lawrence was made to wait several hours in soaking wet clothes in the cell at central booking, which was very cold and crowded.

34. After being held in custody for over 24 hours, Mr. Lawrence was finally arraigned and released from central booking at or around 8:30 p.m. on June 8, 2025.

35. As described above, in addition to the physical and emotional injuries Mr. Lawrence sustained, including significant bruising, abrasions, and pain in his hands, knees, and othert parts of his body, he also sustained injuries to his constitutional, common law, and statutory rights.

36. As a direct and proximate cause of Defendants' conduct, Plaintiff suffered physical and emotional injuries, including, but not limited to, pain, bruising, and injury to Mr. Lawrence's body, hands, and knee, and mental and emotional damages, leaving Mr. Lawrence anxious and fearful of law enforcement officers.

## FIRST CLAIM FOR RELIEF

### New York City Administrative Code §§8-801, *et seq.*, Claims

37. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

38. New York City Administrative Code §8-803(a) through (c) provides as follows, in relevant part:

a. "A covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable to the person aggrieved for legal or equitable relief or any other appropriate relief."

b. "The employer of a covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable, based upon the conduct of such covered individual, to the person aggrieved for legal or equitable relief or any other appropriate relief."

c. "A person aggrieved may make a claim pursuant to subdivision a of this section in a civil action in any court of competent jurisdiction by filing a complaint setting forth facts pertaining to the deprivation of any right created, granted or protected by section 8-802 and requesting such relief as such person aggrieved considers necessary to insure the full enjoyment of such right."

39. Given that a "covered individual" under §8-801 means "(i) an employee of the police department or (ii) a person who is appointed by the police commissioner as a special patrolman," each Individual NYPD Member is considered a covered individual. §8-801.

40. Plaintiff is a "person[s] aggrieved" because he was (at minimum) "allegedly subjected to, or allegedly caused to be subjected to, the deprivation of a right created, granted, or protected by §8-802 by a covered individual even if the only injury allegedly suffered by such natural person is the deprivation of such right." *Id.*

41. Defendant City is liable as an employer, as set out above.

42. Defendants' use of force against Plaintiff was unjustified, unlawful, and objectively unreasonable, considering the facts and circumstances before Defendants.

43. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

44. Further, it is not a defense to liability under §§8-801 *et seq*. that a covered individual has qualified immunity or any other substantially equivalent immunity.

45. Thus, the Court should award both compensatory and punitive damages against all parties (including the City), and all reasonable fees and court expenses pursuant to §8-805 of the Administrative Code.

## **SECOND CLAIM FOR RELIEF**

### **Violations of New York State Common Law**

### **False Arrest, False Imprisonment, and Unreasonable Detention**

46. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

47. The conduct of Defendants, including officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

48. In performing the actions and behaviors described above, Defendants did falsely detain Plaintiff within the meaning of New York common law without reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so.

49. Plaintiff additionally was conscious of the confinement.

50. Plaintiff did not consent to the confinement.

51. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

52. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## **THIRD CLAIM FOR RELIEF**

### **Violations of New York State Common Law**

### **Assault**

53. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

54. The conduct of officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

55. Defendants placed Plaintiff in fear of imminent harmful or offensive contact.

56. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

57. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Violations of New York State Common Law**

**Battery**

58. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

59. The conduct of Defendants including officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

60. Defendants intentionally subjected Plaintiff to physical contact without his consent.

61. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

62. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Violations of New York State Common Law**

**Intentional and Negligent Infliction of Emotional Distress**

63. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

64. The conduct of Defendants including officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

65. In performing the actions and behaviors described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

66. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

67. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

68. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**Violations of the New York State Constitution**

69. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

70. The conduct of Defendants including officials alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as security, police, and/or law enforcement officials, while they were acting as agents and employees of Defendant City, cloaked with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

71. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 3, 6, 8, 9, 11, and/or 12 of the New York State Constitution.

72. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 3, 6, 8, 9, 11, and/or 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

73. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

74. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SEVENTH CLAIM FOR RELIEF

### Unlawful Seizure / False Arrest

### Pursuant to 42 U.S.C. § 1983 for City Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution

75. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

76. Defendants seized and arrested Plaintiff without any judicial warrant.

77. Plaintiff was conscious of his confinement and did not consent.

78. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

79. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## EIGHTH CLAIM FOR RELIEF

### Excessive Force

### Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution

80. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

81. Defendants' use of force against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted them.

82. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

83. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## NINTH CLAIM FOR RELIEF

**First Amendment**

**Pursuant to 42 U.S.C §1983 for Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution**

84. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

85. Defendants imposed restrictions on Plaintiff's protected speech and/or conduct that violated Plaintiff's First Amendment rights.

86. Defendants' retaliatory restrictions Plaintiff complain of herein imposed upon Plaintiff's First Amendment rights to participate in, observe, and/or stand nearby speech, conduct, association, and/or other expressive activities protected by the First Amendment in public were themselves regulations on Plaintiff's protected conduct that:

a. Were viewpoint discriminatory and/or otherwise not content-neutral, and were not necessary, and precisely tailored, to serve compelling governmental interests, and/or were not the least restrictive means readily available to serve those interests; or,

b. Were content-neutral but nonetheless lacked sufficiently narrow tailoring to serve a significant governmental interest in that the restrictions substantially burdened more protected speech and/or conduct than was necessary to serve those interests, and/or failed to adequately provide alternatives for Plaintiff's protected expression, including in that Plaintiff's abilities to communicate effectively were threatened or limited; and/or

c. Afforded Defendants unbridled or otherwise inappropriately limited discretion to limit or deny Plaintiff's ability to engage in protected conduct (also raising constitutionally significant Due Process-based vagueness and/or overbreadth concerns); and/or

d. Amounted to the imposition of strict liability on Plaintiff for engaging in protected speech and/or expression.

87. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering,

psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

88. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## TENTH CLAIM FOR RELIEF

### First Amendment Retaliation

### Pursuant to 42 U.S.C §1983 for City Defendants' Violations of Plaintiff's Rights Under the First and Fourteenth Amendments to the United States Constitution

89. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

90. Defendants retaliated against Plaintiff for engaging in speech and/or conduct protected by the First Amendment.

91. Defendants engaged in the acts and omissions complained of herein in retaliation for Plaintiff's protected speech and/or conduct.

92. Defendants engaged in the acts and omissions complained of herein in an effort to prevent Plaintiff from continuing to engage in such protected speech and/or conduct.

93. Defendants engaged in the acts and omissions complained of herein in order to prevent and/or discourage Plaintiff from engaging in similar protected conduct in the future.

94. Upon information and belief, Defendants engaged in the acts and omissions described herein with respect to Plaintiff's First Amendment-based claims with malice.

95. Upon information and belief, Defendants engaged in the acts and omissions described herein with respect to Plaintiff's First Amendment retaliation claims, in response to the perceived viewpoint and/or message expressed by Plaintiff.

96. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

97. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## ELEVENTH CLAIM FOR RELIEF

### Municipal Liability

### Pursuant to 42 U.S.C §1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978) for Defendants' Violations of Plaintiff's Rights Under the First, Fourth, and Fourteenth Amendments to the United States Constitution

98. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

99. All of the wrongful acts or omissions complained of herein were carried out by the individual named and unnamed defendants pursuant to: (a) formal policies, rules, and procedures of Defendant City; (b) actions and decisions by Defendant City's policymaking agents; (c) customs, practices, and usage of the NYPD that are so widespread and pervasive as to constitute de facto policies accepted, encouraged, condoned, ratified, sanctioned, and/or enforced by Defendant City and other policymaking officials; (d) Defendant City's deliberate indifference to Plaintiff's rights secured by the First, Fourth, and Fourteenth Amendments of the United States Constitution, as evidenced by the City's failures, and the failures of the City's policymaking agents, to train, supervise, and discipline NYPD officers, despite full knowledge of the officers' wrongful acts, as described herein.

100. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of his federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

**TWELFTH CLAIM FOR RELIEF**

**Due Process**

**Pursuant to 42 U.S.C. § 1983 for Defendants' Violations of Plaintiff's Rights Protected Under the Fifth and Fourteenth Amendments to the United States Constitution**

101. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

102. As described above, Defendants enforced offenses in a manner that rendered them constitutionally void for vagueness and/or overbroad, such that their enforcement against Plaintiff violated their Due Process rights, in that Defendants' enforcement in connection with those offenses failed to provide and/or reflected the absence of adequately clear standards to guide police officials' extremely broad discretion to arrest anyone at their whim, based on ad hoc determinations, often without fair warning.

103. Additionally, Defendant City, including by its officials designed and/or implemented policies and practices pursuant to which those Defendants who ordered, effected, and otherwise participated in seizing and/or retaining Plaintiff's property and/or detaining Plaintiff in the conditions as described subjected Plaintiff to the violations of their Due Process rights described elsewhere herein.

104. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of their federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering,

psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

105. The unlawful conduct of the Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## DEMAND FOR JUDGMENT

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

I. Actual and punitive damages against the Individual Defendants in an amount to be determined at trial;

II. Actual damages in an amount to be determined at trial against the City of New York, and punitive damages pursuant to 42 U.S.C. §1988, N.Y.C. Admin. C. §8-805(1)(ii);

III. Statutory attorney's fees, disbursements, and costs of the action pursuant to, *inter alia*, 42 U.S.C. §1988, N.Y.C. Admin. C. §8-805(2), and New York common law; and

IV. Such other and further relief as the Court may deem equitable, just, and proper.

Dated: September 8, 2026
Queens, New York

**COHEN&GREEN P.L.L.C.**

By: ______________________

Elena L. Cohen
J. Remy Green
Regina J. Yu
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
elena@femmelaw.com
remy@femmelaw.com
regina@femmelaw.com

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**THE ABOUSHI LAW FIRM P.L.L.C.**

Tahanie A. Aboushi, Esq.
1441 Broadway, 5th Floor
New York, NY 10018
t: (212) 391-8500
tahanie@aboushi.com